## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
                                                   :
In re:                                  :          Chapter 11
                                                   :
Lucky Brand Dungarees, LLC, et al., ¹   :          Case No. 20-11768 (CSS)
                                                   :
                    Debtors.            :          (Jointly Administered)
                                                   :
-------------------------------------------------- x
```

### SUPPLEMENTAL NOTICE TO CONTRACT COUNTERPARTIES
### OF NEW SALE HEARING DATE AND REVISED OBJECTION PROCEDURES

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A CONTRACT OR LEASE THAT MAY BE ASSUMED AND ASSIGNED AS PART OF THE SALE TRANSACTION AND THE SALE HEARING DATE AND OBJECTION PROCEDURES HAVE CHANGED FROM THE DATE AND PROCEDURES SET FORTH IN THE PRIOR NOTICE THAT WAS SENT TO YOU.**

**<u>Sale Hearing</u>**.  The Sale Hearing to consider the proposed Sale Transaction will be held before the Court on **AUGUST 12, 2020 AT 10:00 A.M. (Eastern Daylight Time)** or such other date as determined by the Court.

---

PLEASE TAKE NOTICE THAT:

1.      The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on July 3, 2020 (the "**Petition Date**").

2.      On the Petition Date, the Debtors filed a motion (the "**Bidding Procedures Motion**")² with the Court seeking entry of the Bidding Procedures Order and the Sale Order that, among other things, would (a) approve procedures for the solicitation of bids in connection with the proposed sale of the Debtors' assets to the Stalking Horse Bidder (the "**Sale Transaction**"), subject to the submission of higher or otherwise better offers in an auction process (the "**Auction**"), (b) approve the form and manner of notice related to the Sale Transaction, (c) approve procedures

---

¹   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702).  The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

²   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion or Bidding Procedures, as applicable.

for the assumption and assignment of Contracts and Leases and designation rights related thereto in connection with the Sale Transaction (the "**Assumption and Assignment Procedures**") and (d) schedule the hearing on entry of the Sale Order, including approval of the Sale Transaction (the "**Sale Hearing**") to the Stalking Horse Bidder or such other Successful Bidder.

3.    On July 24, 2020, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 180] (the "**Cure Notice**").  Upon the closing of the Sale Transaction (or such later time as determined in accordance with the Assumption and Assignment Procedures), the Debtors intend to assume and assign to the Successful Bidder certain Contracts and Leases.  A schedule listing the Contracts and Leases that may potentially be assumed and assigned as part of the Sale Transaction was attached to the Cure Notice as Exhibit 1 (the "**Contracts Schedule**") and may also be viewed free of charge on the Debtors' case information website, located at https://dm.epiq11.com/LuckyBrand (the "**Case Management Website**"), and clicking on the link for Key Documents, and then Sale Documents, or can be requested by e-mail at LuckyBrand@epiqglobal.com.  In addition, the Cure Costs, if any, necessary for the assumption and assignment of such Contracts and Leases are also set forth on the Contracts Schedule.  ***Each Cure Cost listed on the Contracts Schedule represents all liabilities of any nature of the Debtors arising under a Contract or Lease prior to the closing of the Sale Transaction or other applicable effective date of the assumption and assignment of such Contract or Lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale Transaction or other applicable effective date of the assumption and assignment of such Contract or Lease***.

4.    Under the terms of the Assumption and Assignment Procedures, unless otherwise provided in the Successful Bidder's Asset Purchase Agreement (as defined in the Bidding Procedures), at any time prior to three (3) Business Days prior to the date of closing of the Sale Transaction (or such later time as determined in accordance with the Assumption and Assignment Procedures), the Debtors may (a) remove a Contract or Lease from the Contracts Schedule (with such removed Contract or Lease to be assumed or rejected, as applicable, at a later date, as determined by the Successful Bidder and any Contract or Lease remaining on the Cure Schedule to be assumed and assigned at the closing of the Sale Transaction) or (b) modify the previously-stated Cure Costs associated with any Contract or Lease.  ***The presence of a Contract or Lease listed on Exhibit 1 attached hereto does not constitute an admission that such Contract or Lease is an executory contract or unexpired lease or that such Contract or Lease will be assumed and assigned as part of the Sale Transaction.  The Debtors reserve all of their rights, claims and causes of action with respect to the Contracts and Leases listed on Exhibit 1 attached hereto. For the avoidance of doubt, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Contract or each Lease pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Successful Bidder, as applicable, to designate any Contract or Lease as either rejected or assumed on a post-closing basis.***

5.    Pursuant to the Assumption and Assignment Procedures, any Counterparty may object to the proposed assumption or assignment of its Contract or Lease, the Debtors' proposed Cure Costs, if any, or the ability of the Stalking Horse Bidder to provide adequate assurance of future performance (an "**Assumption and Assignment Objection**").  Except in the event that the

Stalking Horse Bidder is not the Successful Bidder, all Assumption and Assignment Objections must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost the Counterparty believes is required to cure defaults under the relevant Contract or Lease, (d) be filed by no later than **August 7, 2020, at 4:00 p.m. (Eastern Daylight Time)**, and (e) be served, which service may be by CM/ECF filing, with courtesy copies by email, on (i) proposed counsel to the Debtors, (a) Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn:   Ted A. Dillman (ted.dillman@lw.com) and Christina Craige (chris.craige@lw.com)), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801 (Attn:  Kara Hammond Coyle (kcoyle@ycst.com) and Joseph M. Mulvihill (jmulvihill@ycst.com)), (ii) counsel to certain of the Second Lien Lenders, certain of the DIP Lenders, and the DIP Lender Representative, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020 (Attn: Thomas Califano (thomas.califano@dlapiper.com) and Shmuel Klahr (shmuel.klahr@dlapiper.com)), (iii) counsel to SPARC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Kelley A. Cornish (KCornish@paulweiss.com), Edward T. Ackerman (EAckerman@paulweiss.com), Brian Bolin (BBolin@paulweiss.com), and Jeffrey L. Stricker (JStricker@paulweiss.com)), (iv) counsel to Wells Fargo Bank, National Association, as administrative agent under the First Lien Credit Agreement, Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard (ksimard@choate.com) and Jennifer Conway Fenn (jfenn@choate.com)), (v) counsel to Wells Fargo Bank, National Association, as term agent under the First Lien Credit Agreement, Greenberg Traurig, LLP, One International Place, Suite 200, Boston, MA 02110 (Attn: Jeffrey Wolfe (wolfje@gtlaw.com)), (vi) counsel to Hilco Merchant Resources LLC, Paul Hastings LLP, 71 S. Wacker Drive, 45th Floor, Chicago, IL 60606 (Attn: Holly Snow (hollysnow@paulhastings.com)), (vii) counsel to Clover Holdings II, LLC, Richards, Layton & Finger, PA, 920 N King Street, Wilmington, DE 19801 (Attn: Mark D. Collins (collins@rlf.com)), (viii) counsel to Wilmington Trust, N.A., as Second Lien Term Loan A Agent, Alston & Bird LLP, One Atlantic Center, 1201 West Peachtree Street, Suite 4900, Atlanta, GA 30309-3424 (Attn: David A. Wender (david.wender@alston.com) and Antone J. Little (antone.little@alston.com)), (ix) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 N Market Street #1700, Wilmington, DE 19801 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Colin R. Robinson (crobinson@pszjlaw.com), and Paul J. Labov (plabov@pszjlaw.com)), and (x) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, (Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov) (collectively, the "**Assumption and Assignment Objection Notice Parties**").

6.    In the event that any previously-stated Cure Costs are modified, the Debtors will promptly serve a supplemental assumption and assignment notice, by overnight mail and, if known, e-mail, on the applicable Counterparty.  Any Counterparty listed on a Supplemental Assumption and Assignment Notice whose Contract or Lease is proposed to be assumed and assigned may object to the proposed assumption or assignment of its Contract or Lease, the Debtors' proposed Cure Costs, if any, or the ability of the Successful Bidder to provide adequate assurance of future performance (a "**Supplemental Assumption and Assignment Objection**"). All Supplemental Assumption and Assignment Objections must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Costs the Counterparty believes is required to cure defaults under the relevant Contract or Lease, (d) be filed by no later than **fourteen (14)**

26845183.1

**calendar days from the date of service of such Supplemental Assumption and Assignment Notice,** and (e) be served on the Assumption and Assignment Objection Notice Parties. Each Supplemental Assumption and Assignment Objection, if any, shall be resolved in the same manner as an Assumption and Assignment Objection. The consequences of any failure to timely file a Supplemental Assumption and Assignment Objection shall be the same as the failure to timely file an Assumption and Assignment Objection.

7.      The Stalking Horse Bidder will make available information demonstrating adequate assurance of future performance under section 365(b)(1) for any proposed Assumed Contract or Assumed Lease (on a confidential basis for all nonpublic information) by contacting counsel to the Stalking Horse Bidder, Paul, Weiss, Rifkind, Wharton & Garrison LLP: Paul, Weiss, Rifkind, Wharton & Garrison LLP 1285 Avenue of the Americas, New York, NY 10019 (Attn: Kelley A. Cornish (KCornish@paulweiss.com), Edward T. Ackerman (EAckerman@paulweiss.com), Brian Bolin (BBolin@paulweiss.com), and Jeffrey L. Stricker (JStricker@paulweiss.com)). Adequate assurance of future performance information provided by any Qualified Bidder will, upon written request, be provided to contractual Counterparties by the proposed counsel to the Debtors within twenty-four (24) hours after the Bid Deadline by contacting: (a) Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn:   Ted A. Dillman (ted.dillman@lw.com), Christina Craige (chris.craige@lw.com), and Brian S. Rosen (brian.rosen@lw.com)), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801 (Attn: Kara Hammond Coyle (kcoyle@ycst.com) and Joseph M. Mulvihill (jmulvihill@ycst.com)).

8.      Promptly after the conclusion of the Auction, if any, and the selection of the Successful Bid(s) and Back-Up Bid(s), but in any event no later than five (5) hours after the conclusion of the Auction, the Debtors shall file and post on the Case Information Website a notice identifying the Successful Bidder(s), the Back-Up Bidder(s), and the amount of the Successful Bid(s) and Back-Up Bid(s), and provide contact information for counsel for the Successful Bidder, including their email address, with the Court, and serve the same on each Counterparty that received a Potential Assumption and Assignment Notice and any Supplemental Assumption and Assignment Notice. Such service shall be by email within five (5) hours of the conclusion of the Auction for each Counterparty for whom the Debtors have an email address and who specifically requested notice of the Auction Results pursuant to the following sentence, and by the next overnight mail delivery deadline that the Debtors can reasonably meet to all others. **<u>IF YOU WOULD LIKE TO RECEIVE THE NOTICE OF AUCTION RESULTS BY EMAIL PLEASE SEND AN EMAIL PRIOR TO THE AUCTION TO THE FOLLOWING PARTIES, PROVIDING YOUR EMAIL ADDRESS AND IDENTIFY WITH SPECIFICITY YOUR CONTRACT OR LEASE AS LISTED ON THE CURE SCHEDULE: CHRIS CRAIGE (CHRIS.CRAIGE@LW.COM), BRIAN S. ROSEN (BRIAN.ROSEN@LW.COM), KARA HAMMOND COYLE (KCOYLE@YCST.COM) AND JOSEPH M. MULVIHILL (JMULVIHILL@YCST.COM).</u>** To the extent a Counterparty sends notice by email to the attorneys listed in the prior sentence at or before **August 11, 2020 at 4:00 p.m. (Eastern Daylight Time) or, if the Debtors have not served the Notice of Auction Results by August 11, 2020 at 10:00 a.m. (Eastern Daylight Time), then at least two (2) hours prior to the Sale Hearing** contesting the proposed assumption and assignment of its Contract or Lease to a Successful Bidder that is not the Stalking Horse Bidder on the basis of adequate assurance of future performance, the Sale Hearing scheduled for August 12, 2020, shall

proceed only as a status conference solely as to such Counterparty. Formal objections to the designation of the Successful Bidder (if not the Stalking Horse Bidder), and the Sale Transaction with the Successful Bidder (if not the Stalking Horse Bidder) must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed by no later than **August 14, 2020, at 4:00 p.m. (Eastern Daylight Time)**, and (e) be served, which service may be by CM/ECF filing, on the Objection Notice Parties. A full evidentiary hearing, if necessary, will be scheduled no sooner than August 21, 2020, subject to the availability of the Court, to resolve such objections.

9.     The Court will hear and determine any Assumption and Assignment Objections (if the Stalking Horse Bidder is the Successful Bidder) and Post-Auction Objections at the Sale Hearing or such other date that the Debtors, in consultation with the Successful Bidder, shall determine in their discretion (subject to the Court's calendar).

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*UNLESS YOU ASSERT AN OBJECTION TO THE CURE AMOUNT AND/OR THE ASSUMPTION OR ASSIGNMENT OF YOUR CONTRACT OR LEASE IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE (A) BARRED FROM OBJECTING TO THE CURE AMOUNT SET FORTH ON EXHIBIT 1 TO THE CURE NOTICE, (B) ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE AMOUNT AGAINST THE DEBTORS, THE STALKING HORSE BIDDER OR SUCH OTHER SUCCESSFUL BIDDER THAT IS GREATER THAN THE CURE AMOUNT SET FORTH ON EXHIBIT 1 TO THE CURE NOTICE AND (C) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND/OR ASSIGNMENT OF YOUR CONTRACT OR LEASE.*

## OBTAINING ADDITIONAL INFORMATION

Copies of the Bidding Procedures Motion, the Bidding Procedures and the Bidding Procedures Order, as well as all related exhibits, including the Stalking Horse Purchase Agreement and all other documents filed with the Court, are available free of charge on the Case Management Website or can be requested by e-mail at LuckyBrand@epiqglobal.com. Sale related documents can be accessed at the Debtors' case information website by clicking on the link for Key Documents, and then Sale Documents.

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **LATHAM & WATKINS LLP** |
|---|---|
| */s/ Betsy L. Feldman* <br> Michael R. Nestor (mnestor@ycst.com) <br> Kara Hammond Coyle (kcoyle@ycst.com) <br> Andrew L. Magaziner (amagaziner@ycst.com) <br> Joseph M. Mulvihill (jmulvihill@ycst.com) <br> Betsy L. Feldman (bfeldman@ycst.com) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, Delaware 19801 <br> Telephone: (302) 571-6600 <br> Facsimile: (302) 571-1253 | George A. Davis (George.Davis@lw.com) <br><br> Brian S. Rosen (Brian.Rosen@lw.com) <br> Jonathan J. Weichselbaum (Jon. Weichselbaum@lw.com) <br> 885 Third Avenue <br> New York, New York 10022 <br> Telephone:  (212) 906-1200 <br> Facsimile:   (212) 751-4864 <br><br> - and - <br><br> Ted A. Dillman (Ted.Dillman@lw.com) <br> Chris Craige (Chris.Craige@lw.com) <br> 355 South Grand Avenue, Suite 100 <br> Los Angeles, California 90071 <br> Telephone: (213) 485-1234 <br> Facsimile: (213) 891-8763 |
| Counsel for the Debtors and Debtors-in-Possession ||

26845183.1