## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| **LUCKY BRAND DUNGAREES, LLC, *et al.*,**[1] | **Case No. 20-11768 (CSS)** |
| Debtors. | **(Jointly Administered)** |
| | **Related Docket No. 180** |

### LIMITED OBJECTION OF MAUI OUTLETS ASSOCIATES, LLC
### TO POTENTIAL ASSUMPTION AND ASSIGNMENT
### OF UNEXPIRED LEASE AND CURE AMOUNT

Maui Outlets Associates, LLC ("Maui Outlets"), by its undersigned counsel, hereby files this limited objection to the potential assumption and assignment of the unexpired lease and proposed cure amount for Maui Outlets ("Limited Objection") as set forth in the Debtors' July 24, 2020 Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts (the "Cure Notice") [Docket No. 180], and states:

1.      Maui Outlets, as successor in interest to The Outlets of Maui 1, LLC, is a creditor and the landlord of Debtor Lucky Brand Dungarees Stores, LLC (the "Debtor"), pursuant to that certain Lease, dated August 16, 2013, covering Suite #H2 (the "Premises") doing business as "Lucky Brand Jeans" in The Outlets of Maui, Lahaina, Hawaii (the "Shopping Center") (hereinafter, such Lease, as it may be amended, is referred to as the "Lease"). Upon information and belief, a copy of the Lease is in the Debtor's possession.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

2.      In an email, dated July 25, 2020, the Debtor's counsel confirmed to counsel for Maui Outlets that the reference to Jones Lang LaSalle Americas, Inc. on page 18 of the Cure Notice is meant to be a reference to the Maui Outlets Lease.

3.      In pertinent part, the Cure Notice alleges that the Proposed Cure Amount owed to Maui Outlets is $61,754.00 (the "Proposed Cure Amount") and otherwise provides notice of the potential assumption and assignment of the Lease.

4.      Maui Outlets does not necessarily object to Debtor's potential assumption and assignment of the Lease, provided that Maui Outlets is timely paid in full the accurate cure amount owed to it and receives adequate assurance of future performance.  Maui Outlets files this Limited Objection as a protective measure in an abundance of caution.

5.      Maui Outlets objects to the Proposed Cure Amount for the reasons set forth below.

6.      As of August 1, 2020, the accurate cure amount owed to Maui Outlets is not less than $82,677.27, consisting of (a) the unpaid balance of the amounts due and unpaid under the Lease, aggregating $76,704.77, as itemized in the account statement attached hereto as **Exhibit A**, exclusive of attorneys' fees and costs, plus (b) attorneys' fees of $5,972.50, together with additional amounts thereafter accruing, arising and/or being chargeable under and/or reconciled pursuant to the Lease, including, without limitation, additional Base Rent and other amounts, including, without limitation, additional attorneys' fees and costs, and damages which may be incurred by and/or otherwise subsequently revealed to Maui Outlets.

7.      Pursuant to Sections 11.3, 20.2 and 20.3 of the Lease, Maui Outlets is entitled to recover its reasonable attorneys' fees and costs incurred in connection with Debtor's Chapter 11 case.  Attorneys' fees and costs incurred in enforcement of the covenants, obligations, and

conditions of the Lease, must be paid as a condition of the assumption of the Lease, *See, e.g.*
*Urban Retail Properties, v. Loews Cineplex Entertainment Corporation, et al.*, 2002 WL
5355479 at 152 (S.D.N.Y. April 9, 2002).

8.      In order to assume the Lease, Debtor is required to cure defaults existing under
the Lease, pursuant to Bankruptcy Code Section 365(b)(1)(A), which provides in pertinent part
that "[i]f there has been a default in an executory contract or an unexpired lease of the debtor, the
trustee may not assume such contract or lease, unless at the time of assumption of such contract
or lease, the trustee ... cures, or provides adequate assurance that the trustee will promptly cure,
such default . . ." *Id*.

9.      Debtor cannot assume the Lease unless, among other things, Debtor pays to Maui
Outlets the full amount of Maui Outlets' cure claim under Bankruptcy Code Section 365 as of
the effective date of Debtor's assumption of the Lease, as approved by entry of an appropriate
order of this Court.

10.     Maui Outlets reserves any and all rights and remedies available to it pursuant to
the Lease, applicable law and in equity, including, without limitation, the right to amend or
supplement this Limited Objection, including, without limitation, to add additional sums that are
due and/or may accrue or become due to Maui Outlets under the Lease, including in connection
with any future periodic reconciliations or otherwise.  Maui Outlets further reserves the right to
interpose subsequent objections in connection with any actual proposed assumption and/or
assignment of the Lease based on adequate assurance of future performance, as required to be
provided to Maui Outlets pursuant to 11 U.S.C. § 365 and as to which Debtor and any proposed
assignee have the burden of proof.

WHEREFORE, for the foregoing reasons, Maui Outlets respectfully requests that this Court condition any potential assumption by Debtor of the Lease, as the same may be amended, upon (i) any order approving the assumption of the Lease requiring that Debtor pay in full to Maui Outlets the aggregate cure claim of Maui Outlets existing as of the effective date of assumption of the Lease as approved by entry of an assumption order, or any Plan and any order confirming such Plan, including, in part and without limitation, those reasonable attorneys' fees and costs incurred by Maui Outlets, or such other cure amount as may be mutually agreed between Maui Outlets and Debtor; and (ii) the Court otherwise granting to Maui Outlets such other and further relief as may be just and appropriate in the circumstances.

Dated:  August 7, 2020          HONIGMAN LLP

*Attorneys for Maui Outlets Associates, LLC*

By:  /s/ Lawrence A. Lichtman
Lawrence A. Lichtman (MI Bar #P35403)
Not admitted in Delaware
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7590
Facsimile: (313) 465-7591
Email: llichtman@honigman.com

35608789.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:<br><br>**LUCKY BRAND DUNGAREES, LLC,** *et al.*,[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 20-11768 (CSS)**<br><br>**(Jointly Administered)** |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the filing of the foregoing document will cause it to be served electronically in the CM/ECF system of the United States Bankruptcy Court for the District of Delaware which will send notification of such filing to all the parties involved in this matter who are registered parties of interest.

In addition, the undersigned has caused the following parties to be served via email, so as to be received no later than 4:00 p.m. prevailing Eastern Time on August 7, 2020:

George A. Davis, Esq.
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
george.davis@lw.com

David A. Wender, Esq.
Antone J. Little, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
david.wender@alston.com
antone.little@alston.com

Jeffrey Wolfe, Esq.
Greenberg Traurig, LLP
One International Place, Suite 200
Boston, MA 02110
wolfje@gtlaw.com

Mark D. Collins, Esq.
Richards, Layton & Finger, PA
920 N King Street
Wilmington, DE 19801
collins@rlf.com

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

Ted A. Dillman, Esq.
Christina Craige, Esq.
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
ted.dillman@lw.com
chris.craige@lw.com

Kevin J. Simard, Esq.
Jennifer Conway Fenn, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
ksimard@choate.com
jfenn@choate.com

Jeffrey Wolfe, Esq.
Greenberg Traurig, LLP
One International Place, Suite 200
Boston, MA 02110
wolfje@gtlaw.com

Thomas Califano, Esq.
Shmuel Klahr, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, NY 10020
thomas.califano@dlapiper.com
shmuel.klahr@dlapiper.com

Kelley A. Cornish, Esq.
Edward T. Ackerman, Esq.
Brian Bolin, Esq.
Jeffrey L. Stricker, Esq.
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
KCornish@paulweiss.com
EAckerman@paulweiss.com
BBolin@paulweiss.com
JStricker@paulweiss.com

Bradford J. Sandler, Esq.
Jeffrey N. Pomerantz, Esq.
Colin R. Robinson, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
bsandler@pszjlaw.com
jpomerantz@pszjlaw.com
crobinson@pszjlaw.com

Susan E. Kaufman, Esq.
919 North Market Street
Suite 460
Wilmington, DE 19801
skaufman@skaufmanlaw.com

Juliet Sarkessian, Esq.
The U.S. Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware, 19801
juliet.m.sarkessian@usdoj.gov

Holly Snow, Esq.
Paul Hastings LLP
71 S. Wacker Drive, 45th Floor
Chicago, IL 60606
hollysnow@paulhastings.com

Kara Hammond Coyle, Esq.
Joseph M. Mulvihill, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 N. King Street
Wilmington, Delaware 19801
kcoyle@ycst.com
jmulvihill@ycst.com

David A. Wender, Esq.
Antone J. Little, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
david.wender@alston.com
antone.little@alston.com


Dated: August 7, 2020                    /s/ Lawrence A. Lichtman
                                         Lawrence A. Lichtman