**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No.: 20-11768 (CSS) |
| Lucky Brand Dungarees, LLC, *et al*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: August 7, 2020 @ |
| | : | 4:00 p.m. (ET) |
| | : | Hearing Date: August 12, 2020 @ 10:00 |
| | : | a.m. |
| | : | |
| | : | Related Docket Nos.: 180, 251 |
| | : | |
| | : | |

---------------------------------------------------------------- X

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 360i LLC TO NOTICE**
**OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**
**OR UNEXPIRED LEASES AND CURE AMOUNTS**

360i LLC ("360i") by and through undersigned counsel, and files this limited objection

("Limited Objection") with respect to the *Notice of Cure Costs and Potential Assumption and*

*Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Dkt. No. 180]

("Cure Notice"). In support of the Limited Objection, 360i states as follows:

**INTRODUCTION**

Lucky Brand Dungarees, LLC and its affiliates (collectively the "Debtors") seek to

establish cure amounts (the "Cure Amount") for the potential assumption and assignment of a

certain agreement with 360i in connection with a sale of substantially all of the Debtors' assets.

360i does not generally oppose assumption and assignment, and files this Limited Objection to

reserve the right to receive a full cure.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees
Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is
540 S Santa Fe Avenue, Los Angeles, California 90013.

4602765

**BACKGROUND**

1.      On July 3, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered.

2.      The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      Prior to the filing of the Chapter 11 proceedings, certain of the Debtors were party to certain agreements with 360i under which 360i provided services to the Debtors, specifically, the Debtors were party to a Work Authorization, dated January 31, 2020.

4.      On July 24, 2020, the Debtors filed the Cure Notice. The Cure Notice listed a Master Service Agreement, effective March 31, 2020 (the "MSA"),[2] with 360i on Exhibit 1 with a cure amount of $0.00.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

5.      360i does not generally object to the assumption and assignment of agreements with 360i provided that any and all cure amounts to satisfy all existing defaults in accordance with 11 U.S.C. § 365(b) are paid under the terms of all such agreements.

6.      Section § 365(b)(1) states, in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
(A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

---

[2]      360i and the Debtors are currently negotiating certain commercial terms regarding the MSA.  Therefore, to the extent a commercial resolution is not reached 360i reserves the right to object to the assumability of the MSA.

11 U.S.C. § 365(b)(1).

7.      A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

8.      360i's records indicate that as of today's date, 360i is owed $51, 394.64 related to services performed by 360i.

9.      Further, as the case proceeds, 360i continues to provide post-petition services to the Debtors' estates, and additional amounts will become due.

10.     Unless and until the Debtors cure all balances owed to 360i the Debtors cannot assume and assign any contracts with 360i.

11.     360i has continued to work with the Debtors' on a commercial level throughout these bankruptcy cases and will continue to work with the Debtors toward a resolution of all disputes.

12.     360i reserves the right to modify or amend this Limited Objection for any reason including but not limited to, in the event the Debtors seek to assume additional contracts with 360i, or 360i determines that additional amounts are outstanding under any agreements with 360i.

WHEREFORE, 360i respectfully requests that this Court enter an Order: (a) conditioning the assumption and assignment of the any agreements with 360i upon the payment of the then-due cure amounts and (b) granting such other and further relief as this Court may deem equitable and proper.

Dated: August 7, 2020

/s/ Mark N. Parry
Mark N. Parry (*Pro hac vice* application forthcoming)
Jessica K. Bonteque (*Pro hac vice* application forthcoming)
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
Email: mparry@mosessinger.com


*Counsel for 360i LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of August, 2020, a copy of the

foregoing was electronically filed and served via CM/ECF on all parties requesting electronic

notification in this case, and also was served on the parties listed below by electronic mail.

Dated: August 7, 2020

/s/ Mark N. Parry
Mark N. Parry (*Pro hac vice* application
forthcoming)

Ted A. Dillman, Esq.
Christina Craige, Esq.
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: ted.dillman@lw.com
chris.craige@lw.com

Kevin J. Simard, Esq.
Jennifer Conway Fenn, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
Email: ksimard@choate.com
jfenn@choate.com

Kara Hammond Coyle, Esq.
Joseph M. Mulvihill, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801
Email: kcoyle@ycst.com
jmulvihill@ycst.com

Jeffrey Wolfe, Esq.
Greenberg Traurig, LLP
One International Place, Suite 200
Boston, MA 02110
Email: wolfje@gtlaw.com

Thomas Califano, Esq.
Shmuel Klahr, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Email: thomas.califano@dlapiper.com
shmuel.klahr@dlapiper.com

Holly Snow, Esq.
Paul Hastings LLP
71 S. Wacker Drive, 45th Floor
Chicago, IL 60606
Email: hollysnow@paulhastings.com

Mark D. Collins, Esq.
Richards, Layton & Finger, PA
920 N King Street
Wilmington, DE 19801
Email: collins@rlf.com

David A. Wender, Esq.
Antone J. Little, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Email: david.wender@alston.com
antone.little@alston.com

Kelley A. Cornish, Esq.
Edward T. Ackerman, Esq.
Brian Bolin, Esq.
Jeffrey L. Stricker, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Email: KCornish@paulweiss.com
Ackerman@paulweiss.com
BBolin@paulweiss.com
JStricker@paulweiss.com

Bradford J. Sandler, Esq.
Jeffery N. Pomerantz, Esq.
Colin R. Robinson, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
E-mail: bsandler@pszjlaw.com
jpomerantz@pszjlaw.com
crobinson@pszjlaw.com

Juliet Sarkessian, Esq.
United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: Juliet.m.sarkessian@usdoj.gov

4310887