# AFFIDAVIT

STATE OF NEW JERSEY            )
                                ) ss:
CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )

I, Blayre Bell, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

 the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

 1    insertion(s) on the following date(s):

AUG-19-2020;

ADVERTISER: Lucky Brand Dungarees, LLC, et al.

and that the foregoing statements are true and correct to the best of my knowledge.

_____
Blayre Bell

 Sworn to before me
this 19   day of           2020
August

_____
Notary Public



IAN C MARTIN
NOTARY PUBLIC
ID # 50086494
COMMISSION EXPIRES 7/18/2023
STATE OF NEW JERSEY

# CORPORATE WATCH

### CARNIVAL
**Ransomware Attack Likely Accessed Data**

**Carnival** PLC said it has detected a ransomware attack that the company expects included unauthorized access to data of guests and employees.

The cruise operator said the attack encrypted a portion of one brand's systems, and downloaded certain company files.

Carnival said it identified the incident on Saturday, after which it launched an investigation and notified law enforcement.

The company said it is working with cybersecurity firms to respond to the threat, defend its systems and conduct remediation.

Carnival said it doesn't believe the incident will have a material impact on its business, operations or financial results, based on the company's preliminary assessment.

The company's American depositary receipts fell 2.4% to close at $12.20.
—*Adria Calatayud*

### ADVANCE AUTO PARTS
**Profit, Sales Rise on Lift From Stimulus**

**Advance Auto Parts** Inc. said its profit and sales in the second quarter rose as the company benefited from the spending spurred by unemployment benefits and government stimulus checks during the pandemic.

The automotive-parts retailer on Tuesday posted net income of $190 million, or $2.74 a share, compared with $124.8 million, or $1.73 a share, in the year-earlier period.

Adjusted earnings were $2.92 a share, above the $1.98 a share that analysts polled by FactSet had expected.

Sales rose 7.3% to $2.5 billion; analysts had been looking for $2.38 billion.

Same-store sales rose 7.5%; analysts had been anticipating a 2.7% growth.

The company withdrew its financial outlook in April because of the uncertainty surrounding the pandemic.

Shares ended up 1.2% at $162.85 on Tuesday.
—*Dave Sebastian*

### REVLON
**Citi Wins Freeze of Fund's Loan Payment**

A federal judge granted **Citigroup** Inc.'s request to freeze roughly $175 million the bank said it paid hedge-fund manager **Brigade Capital Management** LP by mistake on a loan owed by cosmetics firm **Revlon** Inc.

Brigade took the position it isn't obligated to return the money it received last week, its share of a nearly $900 million loan payment owed by Revlon.

The ruling by Manhattan U.S. District Judge Jesse Furman marks an initial victory for Citi before the judge fully evaluates the dispute over whether Brigade can keep the money.

Another court hearing was scheduled for late August, when Brigade must explain why it shouldn't have to give the money back, according to the order.

Until then, Brigade can't withdraw, transfer or otherwise dispose of the money, the judge said.

Brigade declined to comment.

Citi, the administrative agent on a loan issued by Revlon in 2016, said the payment was made in error out of the bank's own funds. The $175 million sent to Brigade was part of almost $900 million that Citi wired to various lenders that have been locked in a feud with Revlon over the company's debt-restructuring tactics.

Citi lawyer Matthew Ingber said that Brigade controlled the funds and had to be aware the payment was a mistake because Revlon's financial statements showed it didn't have close to $900 million in cash on hand. Revlon had $415.7 million of liquidity as of June 30.
—*Becky Yerak*

---

**ADVERTISEMENT**

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds



### THE WALL STREET JOURNAL.
# THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
**wsj.com/classifieds**

© 2020 Dow Jones & Company, Inc. All Rights Reserved.    DOW JONES

---

### CLASS ACTION

## Canadian Solar Securities Class Action
### Notice of Settlement Approval Hearing
### Court File No. C-710-10
### www.CanadianSolarSettlement.ca

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ CAREFULLY.

**Did you hold or purchase shares of Canadian Solar Inc. (Canadian Solar) between May 26, 2009 to and including June 1, 2010?**

A settlement has been reached in the class action against Canadian Solar and certain of its current and former officers and directors alleging misrepresentations made in certain of Canadian Solar's oral statements and public disclosures released **between May 26, 2009 and June 1, 2010**.

The Settlement provides for the payment by the Defendants of the total amount of $13,000,000.00 USD to resolve those claims (the "Settlement").

The Settlement is a compromise of disputed claims and is not an admission of liability or wrongdoing by Canadian Solar or any of the other Defendants.

The Settlement must be approved by the Ontario Superior Court of Justice. A Settlement approval hearing has been set for **October 30, 2020** in Kitchener, Ontario. The Settlement approval hearing will be heard by video-conference. At or immediately after the hearing, the Court will also address a motion to approve Class Counsel's fees, which will not exceed 25% of the recovery plus reimbursement for expenses incurred in the litigation.

Class Members who wish to comment on, or make an objection to, the approval of the Settlement Agreement, Distribution Protocol, or Class Counsel Fees requested may deliver a written submission to Class Counsel, at the address listed below, **no later than October 16, 2020**. Any objections delivered by that date will be filed with the Court.

Siskinds LLP
Canadian Solar Securities Class Action Settlement
Attention: Daniel E.H. Bach, Stefani Cuberovic or Alex Dimson
302–100 Lombard Street
Toronto ON M5C 1M3
Email: donna.mcevoy@siskinds.com
Telephone: 1-800-461-6166
Fax: 519-672-6065
https://www.siskinds.com/class-action/canadian-solar-inc/

For more information about your rights and how to exercise them, see the Long-Form Notice available online at **www.CanadianSolarSettlement.ca** or contact the Administrator at:

Canadian Solar Securities Class Action Settlement Administrator
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B
Ottawa ON K1P 5P6
Email: info@CanadianSolarSettlement.ca
Telephone: 1-833-683-5858
Fax: 1-866-262-0816
www.CanadianSolarSettlement.ca

---

### ANNOUNCEMENTS

**ENGRAVED STATIONERY & LETTERPRESS SINCE 1910**
Elegant graphics & exquisite printing
for paper lovers & traditional organizations
*designed by etiquette & calligraphy expert*
*Emilie Dulles, Princeton '03*
Extra thick stock / Beveled edges / Family crests
Beautiful samples: Instagram @EmilieDulles
**DULLESDESIGNS.COM**
Order remotely via phone, email & text
843.513.8146    contact@DullesDesigns.com

---

### BUSINESS OPPORTUNITIES

**ALLIANCE MORTGAGE FUND**
**7%–8% RETURN**
REAL ESTATE SECURED
FIXED INCOME FUND
SEEKING RIA'S &
ACCREDITED INVESTORS
CALL:
**866-7000-600**
ALLIANCE PORTFOLIO
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AlliancePortfolio.com
RE Broker • CA DRE # 02066955 Broker License ID

**USA Texas Horizontal Oil & Gas Developer**
seeking investor to provide a $6.7MM no risk deposit for 14 month period earning total of 21% interest paid at 1.50% per month and underwritten by Lloyds or Brinks. Equity source direct contact preferred/brokers with serious investors only please.
**bharveston@santafepetro.com or 972.333.0000**

**Business Buyer, not Broker**
Hi, my name is Jacob Smith and *I want to buy your business*. I'm not a broker, **I'm a buyer**. I'm young, but serious about buying a business soon and promise not to waste your time.
Reach out at:
**Sell2Jacob@gmail.com**

---

### CAREERS

**Arkansas Bureau of Legislative Research** in Little Rock, Arkansas is hiring a **Legislative Economist** to analyze and provide economic forecasting, determine the economic impact of laws and regulations, produce monthly and annual revenue reports and report to legislative committees. Master's degree in economics with a background in public finance and experience or education in econometrics and time series forecasting, a PhD is advantageous. Send Resume and Cover Letter to blremployment@blr.arkansas.gov

---

### BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lucky Brand Dungarees, LLC, *et al.*,[1] | Case No. 20-11768 (CSS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM**
**(GENERAL BAR DATE IS SEPTEMBER 28, 2020 AT 5:00 PM (EASTERN TIME))**

**PLEASE TAKE NOTICE THAT:**
On July 3, 2020 (the "**Petition Date**"), Lucky Brand Dungarees, LLC and certain of its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

On August 12, 2020, the Court entered an order [Docket No. 342] (the "**Bar Date Order**") establishing the following Bar Dates: (a) **General Bar Date: September 28, 2020** at **5:00 p.m. (Eastern Time)**, as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**"); (b) **Governmental Bar Date: December 30, 2020 at 5:00 p.m. (Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**"); (c) **Amended Schedules Bar Date:** The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) **5:00 p.m. (Eastern Time)** on the date that is 30 days from the date on which the Debtors provide notice of an amendment or supplement to the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**") filed on July 30, 2020, as the deadline by which claimants holding claims affected by such filing, amendment or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and (d) **Rejection Damages Bar Date:** The later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) **5:00 p.m. (Eastern Time)** on the date that is 30 days after the effective date of rejection of any executory contract or unexpired lease of the Debtors as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[2] (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**"). Notice of such rejection must be served on the party to the rejected executory contract or unexpired lease no later than three (3) business days after the effective date of rejection.

**INSTRUCTIONS:**
**1. WHO MUST FILE A PROOF OF CLAIM** Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date MUST file Proofs of Claim on or before the applicable Bar Date: (a) any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to share in any distribution in any of these chapter 11 cases; (b) any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount, or incorrect priority, and that desires to have its claim allowed in a different classification, priority or amount other than that identified in the Schedules; (c) any entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules; and (d) any entity that believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.[3]

**2. INSTRUCTIONS FOR FILING PROOFS OF CLAIM** Except as otherwise set forth in the Bar Date Order, each entity that asserts a claim against the Debtors that arose before the Petition Date of July 3, 2020 MUST file a Proof of Claim.

The complete procedures for filing a Proof of Claim are set forth in the Bar Date Order. Proofs of Claim must be filed (i) electronically through the website of the Debtors' claims and noticing agent, Epiq, using the interface available at https://dm.epiq11.com/LuckyBrand (under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form *so as to be received on or before the applicable Bar Date* as follows: **If by First Class Mail:** Lucky Brand Dungarees, LLC, Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420; **If by Hand Delivery or Overnight Mail:** Lucky Brand Dungarees, LLC, Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005.

A Proof of Claim shall be deemed timely filed only if it actually is received by Epiq as set forth above, in each case, on or before the applicable Bar Date. It is NOT sufficient for the Proof of Claim to be postmarked by the applicable Bar Date. It must be RECEIVED by the applicable Bar Date.

**3. CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE** Pursuant to the Bar Date Order and Bankruptcy Rule 3003(c)(2), absent order of the Court to the contrary, any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date, as described herein, but fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these chapter 11 cases on account of such claim; *provided, however*, that a holder of a claim shall be able to assert and vote upon any undisputed, noncontingent and liquidated claim identified in the Schedules on behalf of such holder, in the amount set forth in the schedules, and receive distributions under any plan of reorganization or liquidation in these Chapter 11 Cases on account of such scheduled claim.

**4. RESERVATION OF RIGHTS** Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent directly: Epiq Corporate Restructuring, LLC, by telephone at (855) 907-2103 (U.S./Canada Toll Free) or (503) 597-7674 (International); or by e-mail at LuckyBrand@epiqglobal.com. NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and Epiq cannot give legal advice.**

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.
[2] For the avoidance of doubt, claims arising from the rejection of unexpired leases of the Debtors for purposes of this Order shall include any claims under such unexpired leases as of the Petition Date, and such parties shall not be required to file Proofs of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected.
[3] Section 503(b)(9) of the Bankruptcy Code provides for allowance as an administrative expense, after notice and a hearing, for the value of any goods received by the debtor within 20 days before the date of commencement of a case under Title 11 of the United States Code, where the goods were sold to the debtor in the ordinary course of such debtor's business.