IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | | |
| **LUCKY BRAND** § | | |
| **DUNGAREES, LLC** § | **Case No. 20-11768** | |
| § | | |
| § | | |
| **Debtors.** § | | |

### TEXAS TAXING AUTHORITIES' OBJECTION TO THE JOINT PLAN OF LIQUIDATION FOR LUCKY BRAND DUNGAREES, LLC AND ITS AFFILIATE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE
[ECF 386]

NOW COMES  The County of Denton, Texas, The County of Hays, Texas, and The County of Williamson, Texas (hereinafter, referred to as "Texas Taxing Authorities") and files this objection to the Joint Plan of Liquidation for Lucky Brand Dungarees, LLC and Its Affiliate Debtors Under Chapter 11 of The Bankruptcy Code (the "Plan") and would respectfully show the Court the following:

1. Texas Taxing Authorities, duly organized governmental units of the State of Texas, are the holders of claims for pre-petition ad valorem business personal property taxes for tax years 2020 assessed against the property of the Debtors in the aggregate amount estimated to be $9,848.35.

2. The Texas Taxing Authorities pre petition claims are secured by unavoidable, first priority, perfected liens on all of the Debtors' business personal property pursuant to Texas Tax Code Section 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18). *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v.*

*Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens arise on January 1 of each tax year along with the property owner's personal liability for the ad valorem taxes and attach to the property by operation of law. Tex. Prop. Tax Code 32.01; 11 U.S.C. Sec. 362(b)(18). Texas Tax Code Section 32.01 provides:

(a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

(b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires

(c) ..

(d) The lien under this section is perfected on attachment and ... perfection requires no further action by the taxing unit.

11 U.S.C. Section 362(b)(18) allows the attachment of liens that secure taxes that come due post-petition.

(b)    ... a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

3. The Texas Taxing Authorities object to the treatment of their claim in the Plan because it does not specifically provide for them to receive pre-Effective Date interest on their claims at the state statutory rate of 12% per annum pursuant to 11 U.S.C. Sections 511 and 1129.

4. The Texas Taxing Authorities object to confirmation of the Plan because it does not provide for when the Texas Taxing Authorities shall receive payment of their claims. The Texas Taxing Authorities are still entitled to post-petition pre Effective Date interest and post Effective Date interest at the state statutory rate of 1% per month and 12% per annum, respectively, pursuant to 11 U.S.C. Sections 506(b), 511 and 1129. The Texas Taxing Authorities have the right to know if the Debtors intend to pay their claims in installments or in one lump sum, the number of installments that the Debtors contemplate and when they should expect the first installment payment or the lump sum payment of their claims. The Plan does not provide any of these details.

5. The Texas Taxing Authorities object to confirmation of the Plan to the extent that it does not provide that they retain the liens that secure all base tax, penalties and interest that may accrue on their Secured claim.

6. The Texas Taxing Authorities object to the treatment of their claim because the Plan does not specifically provide for retention of their liens against their collateral.

WHEREFORE, The Texas Taxing Authorities object to the Debtor's Plan and requests this Court to order appropriate provisions to assure the protection of the position of their secured tax claim and further request other such relief as is just and proper.

Dated: September 24, 2020

          Respectfully Submitted,

          **McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By:   */s/ Tara LeDay*
      Tara LeDay (TX 24106701)
      P. O. Box 1269
      Round Rock, TX 78680-1269
      Telephone: (512) 323-3200
      Fax: (512) 323-3500
      Email: tleday@mvbalaw.com
      *Attorney for The Texas Taxing Authorities*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware.

      */s/ Tara LeDay*
      Tara LeDay

Debtor:
**Lucky Brand Dungarees, LLC**
540 S. Santa Fe Ave.
Los Angeles, CA 90013

Debtor Attorney:
**Christina M. Craige**
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

**Betsy Lee Feldman**
Young Conaway Stargatt & Taylor
Rodney Square
1000 North King Street
Wilmington, DE 19801

U.S. Trustee:
**Juliet M. Sarkessian**
U.S. Trustee's Office
844 King Street
Room 2207
Lockbox #35
Wilmington, DE 19899-0035