IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Lucky Brand Dungarees, LLC, *et al.*,[1] | : | Case No. 20-11768 (CSS) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docket No. 416 |

---

**SUPPLEMENTAL DECLARATION OF KRISTIN RIDGWAY IN FURTHER SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES TO THE DEBTORS EFFECTIVE AS OF JULY 29, 2020 AND (II) GRANTING RELATED RELIEF**

I, Kristin Ridgway, being duly sworn, deposes and says:

1. I am a Certified Public Accountant and a managing director of KPMG LLP, a professional services firm ("**KPMG**"). KPMG is the United States member firm of KPMG International. I submit this supplemental declaration (this "**Supplemental Declaration**") on behalf of KPMG in support of the application [Docket No. 416] (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**"), for entry of an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

[2] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application or the Initial Declaration (defined below).

retain and employ KPMG to provide tax compliance and consulting services to the Debtors effective as of July 29, 2020.  This Supplemental Declaration supplements my declaration that was filed with the Court on September 18, 2020 [Docket No. 416-3] (the "**Initial Declaration**") and includes clarifications and/or additional disclosures.  I have personal knowledge of the matters set forth herein.[3]

2. The client database referenced in paragraph 9 of the Initial Declaration includes engagements and prospective engagements of all member firms (and their affiliates or subsidiaries) of KPMG International (collectively, "KPMG Entities"), and is maintained by KPMG's Global Business Operations Office funded by KPMG International.  KPMG International has given permission to a small number of professionals located in the United States to use the system to identify potential conflicts and potentially adverse engagements, while additional professionals are able to use the system to identify connections.  Thus, KPMG's review identified current clients of any KPMG member firm (and any of its affiliates or subsidiaries), as well as former clients with engagements in the past three years and potential clients with engagements that have not yet been agreed to.  This engagement management system identifies not only the clients but other parties whose interests may be adverse to, in conflict with, or potentially negatively impacted by the engagement.  Accordingly, the search can identify whether an engagement is adverse to the Debtors or relates to the bankruptcy estates.  For the sake of clarity, the disclosures included in the Initial Declaration identify connections with KPMG or any KPMG Entities, and none of those connections involved an engagement which was adverse to the Debtors or their estates.  The connections listed on Schedule 2 to the

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG.

Initial Declaration to parties unrelated to the Debtors and their affiliates involve only services that are unrelated to the Debtors or their estates.

3. Subsequent to the filing of the Initial Declaration, the Debtors and their advisors updated the Debtors' parties in interest list to add certain other parties in interest. In accordance with the procedures described in the Application and the Initial Declaration, KPMG has reviewed such updated parties in interest list and conducted additional searches within its records so as to include these additional parties in its review. These additional parties are identified on **Schedule 1** attached hereto. Based on such additional searches, a summary of those current potential relationships that KPMG was able to identify using its reasonable efforts is reflected in **Schedule 2** attached hereto. These relationships or potential relationships are unrelated to the Debtors or their Chapter 11 Cases. To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, KPMG neither holds nor represents an interest adverse to the Debtors' estates in accordance with section 327 of the Bankruptcy Code. If a connection arises that relates to services related to the Debtors or their estates, KPMG will make additional inquiries to determine the nature of the matter and the particular services provided by the KPMG Entity and include such information in its disclosures to the Court.

4. With respect to the list of lawsuits identified on Schedule 2 to the Initial Declaration, KPMG clarifies that the relevant connection to KPMG is the indented party immediately below the caption of the litigation:

*King Range, Jr. v. 535 Broadway Group LLC and Lucky Brand Dungarees Stores, LLC*
  Lucky Brand Dungarees Stores, LLC

*Julian Thomas v. Lucky Brand Dungarees Stores USA, LLC and Lucky Brand Dungarees Stores, LLC*
  Lucky Brand Dungarees Stores, LLC

*Lindsey Morris v. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees USA, LLC

*Brett Desalvo v. Lucky Brand Dungarees USA, LLC*
   Lucky Brand Dungarees USA, LLC

*Pamela Hill v. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees, LLC

*Yovanny Dominguez v. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees, LLC

*Sedrak Gabriyelian v. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees, LLC

*Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees, LLC

*Jack Daniel's Properties, Inc.*
   Jack Daniel's Properties, Inc.

*Juan Ruiz v. Lucky Brand Dungarees, LLC, Rapid Deliveries, Inc. and Joseph Muro, Jr.*
   Lucky Brand Dungarees, LLC

*Kiara Nalli v. Leonard Green & Partners, L.P. dba Lucky Brand Dungarees Stores USA, et al.*
   Leonard Green & Partners, L.P.

*Chagrin Retail, LLC v. Lucky Brand Dungarees Stores, LLC*
   Lucky Brand Dungarees Stores, LLC

*Juan Ruiz vs. Lucky Brand Dungarees, LLC*
   Lucky Brand Dungarees, LLC

*Smith vs. Lucky Brand Dungarees Stores, LLC*
  Smith[4]
  Lucky Brand Dungarees Stores, LLC

As described in paragraph 2 above, any connections to parties other than the Debtors and their affiliates are unrelated to the Debtors or their estates. I note that, in some instances (such as the identification of individuals), counsel to the Debtors is working to gather additional information to assist KPMG in its review of certain parties to litigation. If additional information is received which would warrant further disclosure, KPMG will do so in a further supplemental declaration.

    5.      Paragraph 15 of the Initial Declaration identifies that KPMG is the United States member firm of KPMG International. Member firms in the KPMG organization are members in, or have other legal connections to, KPMG International. KPMG International acts as the coordinating entity for the overall benefit of the KPMG member firms but does not provide professional services to clients. Professional services to clients are exclusively provided by member firms. For the sake of clarity, the other member firms of the KPMG network of member firms referenced in Paragraph 16 of the Initial Declaration are all member firms of KPMG International or are affiliates or subsidiaries of the member firms. Effective October 1, 2020 KPMG International, which had been a Swiss cooperative, was established as an English private company limited by guarantee.

    6.      KPMG further discloses that in the last fiscal year no client identified on Schedule 2 to the Initial Declaration accounted for more than 1% of its revenue.

---

[4] "John Smith", the name of the plaintiff in the lawsuit, is a common name. KPMG's review identified several possible connections to a "John Smith," but none located in Colbert Count, Alabama, which KPMG has been informed is this person's residence. In any event, all of the connections located by KPMG regarding John Smith are unrelated to the Debtors or their estates.

7.      Paragraph 19 of the Initial Declaration referenced compensation for Tax Compliance and Consulting Services detailed in the Engagement Letter dated March 10, 2020 (Ex. C-1). For the sake of clarity, KPMG confirms that the fees listed in Attachment II to Exhibit C-1 are estimated fees.

8.      Paragraph 19 of my Initial Declaration also referenced certain technology fees. As a further disclosure, these fees relate to technology used by KPMG in providing services to the Debtors. Specifically, the $5,000 annual technology fee related to KPMG's Tax Compliance and Consulting Services (Federal, State and Foreign Income Tax) includes, but is not limited to: (i) access to KPMG's encryption file sharing technology (SFTP sites); (ii) high security encryption technology to protect client data; (iii) Orion client file storage, and database fees, and (iv) firm wide applications. The $7,200 annual technology fee related to Tax Compliance and Consulting Services (Use, Sales and Other Taxes) concerns a fee charged by a third-party provider (Vertex) under a master agreement.

9.      Paragraph 23 of the Initial Declaration states that according to KPMG's books and records, during the 90-day period prior to the Petition Date, KPMG received $183,138.32 from the Debtors for professional services performed and expenses. A schedule of those payments are in the chart below:

| Invoice Date | Amount Billed | Date Invoice Paid | Amount Paid | Date Range for Services Performed |
|---|---|---|---|---|
| 12/24/2019 | $4,127.39 | 4/27/2020 | $4,127.39 | November 1, 2019 through November 30, 2019 |
| 09/30/2019 | $34,904.00 | 4/27/2020 | $34,904.00 | 4/1/2019 - 09/19/2019 |
| 09/30/2019 | $5,472.00 | 4/27/2020 | $5,472.00 | 4/1/2019 - 09/19/2019 |
| 03/31/2020 | $21,000.00 | 6/4/2020 | $21,000.00 | Billing per Progress Billing Schedule in EL dated 3/10/20 |

| Invoice Date | Amount Billed | Date Invoice Paid | Amount Paid | Date Range for Services Performed |
|---|---|---|---|---|
| 02/27/2020 | $2,958.00 | 6/12/2020 | $2,958.00 | February 2020 Transaction Tax Return services |
| 03/30/2020 | $2,958.00 | 6/12/2020 | $2,958.00 | March 2020 Transaction Tax Return services |
| 10/08/2019 | $3,534.60 | 6/12/2020 | $3,534.60 | 5/1/18 - 9/30/18 |
| 10/08/2019 | $17,684.33 | 6/12/2020 | $17,684.33 | 10/1/18 - 10/8/19 |
| 03/31/2020 | $29,000.00 | 6/12/2020 | $29,000.00 | Billing per Progress Billing Schedule in EL dated 3/10/20 |
| 06/22/2020 | $11,500.00 | 6/22/2020 | $11,500.00 | Per payment schedule in EL dated 03/26/2020, billed $10,000 plus technology fee |
| 06/16/2020 | $12,500.00 | 6/29/2020 | $12,500.00 | Billing per Progress Billing Schedule in EL dated 3/10/20 |
| 06/16/2020 | $29,000.00 | 6/29/2020 | $29,000.00 | Billing per Progress Billing Schedule in EL dated 3/10/20 |
| 06/16/2020 | $8,500.00 | 6/29/2020 | $8,500.00 | Billing per Progress Billing Schedule in EL dated 3/10/20 |
|  |  |  | **$183,138.32** |  |

10.     To resolve certain issues raised by the United States Trustee, KPMG has agreed to provide a credit to the Debtors totaling $21,218.93. Such credit will be applied to the first $21,218.93 requested by KPMG in these Chapter 11 Cases in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief* [Docket No. 199].

11.     This declaration is provided in accordance with sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of October, 2020.

    /s/ Kristin Ridgeway
Kristin Ridgway
KPMG LLP
550 South Hope St.
Suite 1500
Los Angeles, CA 90071

## **Schedule 1 for Supplemental Disclosure**

Oklahoma County Treasurer

Vivolo SRL

Waste Management

Chatham County Tax Commissioner

Judith Robles

Lisa Virtue

RetailMeNot, Inc.

## **Schedule 2 - Supplemental List of Connections**

Oklahoma County Treasurer

Waste Management

Chatham County Tax Commissioner

RetailMeNot, Inc.