## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
Lucky Brand Dungarees, LLC, *et al.*,[1]                :    Case No. 20-11768 (CSS)
                                                        :
                                    Debtors.            :    (Jointly Administered)
                                                        :
                                                        :    **Re Docket No. 416**
------------------------------------------------------- x

### ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES TO THE DEBTORS EFFECTIVE AS OF JULY 29, 2020 AND (II) GRANTING RELATED RELIEF

Upon the application [Docket No. 416] (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, (i) authorizing retention and employment of KPMG LLP ("**KPMG**") to provide tax compliance and consulting services, effective as of July 29, 2020, pursuant to the terms and condition set forth in the Engagement Letters, and (ii) granting related relief; and upon the Ridgway Declaration and the *Supplemental Declaration of Kristin Ridgway in Further Support of the Application of the Debtors for Entry of an Order (I) Authorizing Employment and Retention of KPMG LLP to Provide Tax Compliance and Consulting Services to the Debtors Effective as of July 29. 2020 and (II) Granting Related Relief* (the "**Supplemental Ridgway Declaration**" together with the Ridgway Declaration, the "**Ridgway Declarations**"); and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware dated as of February 29, 2012; and this Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court being satisfied, based on the representations made in the

Application and the Ridgway Declarations that KPMG is "disinterested" as such term is defined

in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code, and as required under section 327(a) of the Bankruptcy Code, and that KPMG does not

hold or represent an interest adverse to the Debtors' estates; and any objections to the

Application having been resolved or overruled; and it appearing that proper and adequate notice

of the Application has been given and that no other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and this Court having determined that there is

good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is granted as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014, the Debtors are authorized to employ and retain

KPMG to provide tax compliance and consulting services to the Debtors on the terms set forth in

the Application, the Ridgway Declarations, and the Engagement Letters, as modified by this

Order.

3.      KPMG shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in

compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, including the Interim Compensation Order.

4.     Notwithstanding anything to the contrary in this Order, the Application, the Engagement Letters or the Ridgway Declarations, KPMG shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, except that KPMG shall be permitted to keep time records in half-hour increments for only those flat fee services denoted in paragraph 14 (c) of the Application.  KPMG shall otherwise follow all information and time keeping requirements of Local Rule 2016-2(d) for both flat fee services and hourly rate services.  KPMG shall comply with the requirements of Local Rule 2016-2(e) with respect to reimbursement of all expenses, and shall be entitled to seek reimbursement of only their actual, documented, out of pocket costs.

5.     KPMG shall not, while employed by Debtors during the pendency of these Chapter 11 Cases, represent an interest adverse to the Debtors or their estates.

6.     To the extent the Debtors wish to expand the scope of KPMG's services beyond those services set forth in the Engagement Letters as approved by this Order, the Debtors shall be required to seek further approval from this Court.  The Debtors shall file a motion seeking approval of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement letter with the Court and serve such motion on the U.S. Trustee, counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, and any party requesting notice under Bankruptcy Rule 2002.  If no such party files an objection within 14 days of the Debtors filing such motion, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.  All additional services will be subject to the provisions of this Order, unless otherwise ordered by the Court.

7.     The indemnification provisions included in KPMG's Standard Terms and Conditions for Advisory and Tax Services ("the Standard Terms and Conditions"), are approved, subject to the following during the pendency of the Debtors' Chapter 11 Cases:

(a)     KPMG[3] shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services and indemnification, contribution or reimbursement therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, KPMG shall be entitled to indemnification, contribution or reimbursement for the services set forth in such engagement letter(s), subject to the terms of this paragraph;

(b)     The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and

(c)     If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG

---

[3]     For purposes of paragraph 7 only, the term KPMG shall include all "KPMG Parties" and any entity who is an "Indemnified Party," as those terms are defined in the Standard Terms and Conditions.

before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG.  All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

8.      Notwithstanding anything in the Application or the Engagement Letters to the contrary, KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) use commercially reasonable efforts to ensure that the Contractors are subject to the same conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

9.      In the event that, during the pendency of these cases, KPMG seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in KPMG's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that KPMG shall not seek reimbursement of any fees incurred defending any of KPMG's fees in these cases.

10.     The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "**Standard**

**Terms and Conditions**"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

11.     During the pendency of these Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

12.     To the extent there is any conflict between this Order, and the Application, the Engagement Letters and the Ridgway Declarations, the terms of this Order shall control.

13.     Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of these Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

14.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15.     During the pendency of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

**Dated: October 21st, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

US-DOCS\117848178.2