**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                               :
In re:                                          :     **Chapter 11**
                                                               :
Lucky Brand Dungarees, LLC, *et al.*,[1]    :     **Case No. 20-11768 (CSS)**
                                                               :
                                Debtors.                :     **(Jointly Administered)**
                                                               :
                                                               :
---------------------------------------------------------- x

**FIRST INTERIM FEE APPLICATION OF KPMG LLP
TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES
TO THE DEBTORS FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD JULY 29, 2020 THROUGH SEPTEMBER 30, 2020**

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | October 21, 2020, Effective as of July 29, 2020 |
| Interim Period for which Compensation and Expense Reimbursement is sought: | July 29, 2020 through September 30, 2020 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $ 99,832.27[2] |
| Amount of Interim Expense reimbursement sought as actual, reasonable and necessary: | $ 0.00 |

This is an: _____ Monthly __X__ Interim _____ Final

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

[2] The compensation amount requested reflects an agreed-upon reduction of $21,218.93 per the supplemental declaration of Kristin Ridgway [Docket No. 502].

Prior Fee Applications Filed: None

## ATTACHMENT B TO FEE APPLICATION

| Professional Person | Position & Department | Total Billed Hours | Hourly Billing Rate | Total Compensation | |
|---|---|---|---|---|---|
| Anthony Gomez | Sr. Associate, Tax - BTS | 16.9 | $ 384 | $ 6,489.60 | |
| Jessica Chow | Senior Associate, Tax - SALT | 9.7 | $ 384 | $ 3,724.80 | |
| Kim Liang | Manager | 2.7 | $ 528 | $ 1,425.60 | |
| Kristin Ridgway | Managing Director, Tax - BTS | 0.5 | $ 744 | $ 372.00 | |
| Matt Moore | Associate, Tax - BTS | 0.4 | $ 288 | $ 115.20 | |
| Monica Plangman | Associate Director, Bankruptcy & Retention | 3.4 | $ 255 | $ 867.00 | |
| Stephen Buckley | Manager, Tax - SALT | 2.6 | $ 528 | $ 1,372.80 | |
| Steven Kim Kim | Associate, Tax - SALT | 0.4 | $ 288 | $ 115.20 | |
| Teresa Williams | Associate - BPG | 5.4 | $ 165 | $ 891.00 | |
| | | | | | |
| **Subtotal Hours and Fees** | | **42.0** | | **$ 15,373.20** | |
| | | | | | |
| Tax Compliance Services (Federal, State, and Foreign) - Fixed Fee | | | | $ 100,000.00 | (1) |
| 2020 - 2021 USIT Compliance Services August 1, 2020 through September 30, 2020 | | | | $ 5,678.00 | (2) |
| Agreed-Upon Credit | | | | $ (21,218.93) | (3) |
| **Total of Requested Hours and Fees** | | **42.0** | | **$ 99,832.27** | |

(1) Per the Engagement Letter dated March 10, 2020, KPMG and the Debtors have agreed to an estimated fee range from approximately $274,950 to $279,950 to be billed per a payment schedule of $50,000.00 for four months with the final bill to be billed upon delivery of tax returns or November 1, 2020. KPMG received $100,000 pre-petition. KPMG is requesting $100,000.00 reflecting services in this interim fee application period. At 60% of standard rates, the time incurred during the period is $63,350.00.

(2) KPMG's fee for 2020 - 2021 USIT Compliance Services will be billed at $34 per return (to be billed monthly after completion of services) per the engagement letter date May 15, 2020. KPMG is billing in this interim fee application for 167 completed returns.

(3) Per the Supplemental Declaration of Kristin Ridgway filed on 10/21/20, KPMG LLP is providing a credit to the Debtors totaling $21,218.93.

3

## COMPENSATION BY PROJECT CATEGORY

| Matter Description | Total Hours Billed | Total Fees Requested |
|---|---|---|
| Tax Compliance Services (Federal, State, and Foreign) | - | $ 100,000.00 |
| Tax Consulting Services (Federal, State, and Foreign) | 30.3 | $ 12,333.60 |
| 2020-2021 USIT Compliance Services | - | $ 5,678.00 |
| Retention Services | 4.7 | $ 1,553.40 |
| Fee Preparation Services | 7.0 | $ 1,486.20 |
| Agreed-Upon Credit | | $ (21,218.93) |
| **Total Hours and Fees** | **42.0** | **$ 99,832.27** |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | $ - |
| **Total** | **$ -** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    **Chapter 11**
                                                           :
Lucky Brand Dungarees, LLC, *et al.,*                      :    **Case No. 20-11768 (CSS)**
                                                           :
                    Debtors.                               :    **(Jointly Administered)**
                                                           :
                                                           :
---------------------------------------------------------- x

## INDEX

EXHIBIT 1     Copy of KPMG First Monthly Fee Application

EXHIBIT 2     Copy of Retention Order

EXHIBIT 3     Certification of Professional

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                               :
In re:                                     : **Chapter 11**
                                               :
Lucky Brand Dungarees, LLC, *et al.,*     : **Case No. 20-11768 (CSS)**
                                               :
                   Debtors.              : **(Jointly Administered)**
                                               :
                                               :
---------------------------------------------------------- x

**FIRST INTERIM FEE APPLICATION OF KPMG LLP**
**TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES**
**TO THE DEBTORS FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD JULY 29, 2020 THROUGH SEPTEMBER 30, 2020**

      KPMG LLP, ("KPMG"), providing tax compliance and consulting services to the debtors to the above captioned debtors and debtors-in-possession (the "Debtors") files this First Interim Fee Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses (the "Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 issued by the Executive Office of the United States Trustee's Guidelines (the "U.S. Trustee Guidelines"), and the Court's Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief, dated July 28, 2020 (the "Interim Compensation Order") [Docket No. 199]. By this Application, KPMG seeks the interim allowance of compensation for professional services performed and actual and necessary expenses incurred from July 29, 2020 through September 30, 2020 (the "Compensation Period"), in the amount of $99,832.27 for professional services performed and actual and necessary expenses incurred by KPMG, and respectfully represents:

**Jurisdiction**

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amending Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).  Venue in proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On July 3, 2020 (the "Petition Date") the Debtors commenced with the Court voluntary cases for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 17, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee of Unsecured Creditors (the "Creditors' Committee") in the Chapter 11 Case pursuant to section 1102(a)(1) of the Bankruptcy Code.   An Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses was filed on August, 5, 2020 [Docket No. 279].

4.      The Debtors filed for Entry of an Order (I) Authorizing Employment and Retention of KPMG LLP to Provide Tax Compliance and Consulting Services to the Debtors Effective as of July 29, 2020 and (II) Granting Related Relief on September 18, 2020 (the "Retention Application") [Docket No. 416].

5.      By the Court's Order, dated October 21, 2020 (the "Retention Order") [Docket No. 504], the Debtors were authorized to retain KPMG effective as of July 29, 2020.  The Retention Order authorized the Debtors to compensate KPMG in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were fixed by order of the Court.

**Summary of Application**

6.     During the Compensation Period, KPMG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates and not on behalf of any committee, creditor or other person.  By this Application, KPMG requests interim allowance and approval of compensation of professional fees totaling $99,832.27 and reimbursement of necessary and actual out of pocket expenses in the amount of $0.00.  Per the Supplemental Declaration of Kristin Ridgway filed on October 21, 2020 [Docket No. 502], KPMG LLP is providing a credit to the Debtors totaling $21,218.93.

**Summary of Services During the Compensation Period**

7.     This is KPMG's Application for compensation and expense reimbursement filed in this chapter 11 case.  During the Compensation Period, KPMG provided professional services to the Debtors in its efforts to navigate its business through the chapter 11 process.

8.     Set forth below is a summary of the professional services that KPMG rendered to the Debtors during the Compensation Period.  Attached as Exhibit A to the monthly fee application, which is attached hereto as **Exhibit 1**, is a chart depicting KPMG professionals who rendered these services.

**Tax Compliance and Consulting Services (Federal, State and Foreign Income Tax)**

- Prepared federal, state and local, Puerto Rico and Canadian income tax returns and supporting schedules/forms for the 2019 tax year as more fully described in Appendix II of the Engagement Letter dated March 10, 2020;

- Determined the quarterly estimated tax payments for the 2020 tax year;

- Performed the tasks related to Public Law No. 115-97, originally known as the Tax Cuts and Jobs Act ( "TCJA");

- Prepared tax returns for any state or local jurisdictions and additional majority owned legal entities not identified in the relevant Engagement Letter including any newly controlled legal entities formed or acquired by the Debtors during the engagement period, and that the Debtors approve in writing;

- Automatically filed (either electronically or by paper) the extensions for which there are no tax payments due;

- Reviewed the calculations under IRC Section 263A and prepare and file Forms 3115, if necessary;

- Performed preliminary engagement planning activities related to the tax returns specified above for the immediately succeeding tax year; and

- Provided tax consulting services pertaining to: (1) routine tax advice concerning the federal, state, local, and foreign tax matters related to the preparation of the prior year's federal, state, local, and foreign tax returns; (2) routine tax advice concerning the federal, state, local, and foreign tax matters related to the computation of taxable income for the current year or future years; and (3) routine dealings with a federal, state, local, or foreign tax authority (e.g., responding to automated interest and penalty notices, preparing tax computations based upon the taxpayer's concession or settlement of an issue with the relevant tax authority).

**Tax Compliance Services (Sales, Use and Other Tax)**

- Prepare state and local transaction tax returns and supporting schedules for the reporting periods, July 2020 – August 2021; and

- Correspond with tax authorities associated with the transaction tax returns prepared by KPMG; and

**Retention Services**

- Retention services surrounding disinterestedness and confirmation of same with Office of General Counsel.

- Finalizing the KPMG declaration and retention order; internal discussions and correspondence with Debtors' counsel related to employment application; and

- Discussions internally and with Debtors' counsel regarding supplemental documents required.

**Fee Application Preparation Services**

- Fee Application Preparation services provided during the Compensation Period: The billing procedures required by the US Trustee Guidelines differ from KPMG's normal billing procedures and as such, the local rules and the Interim Compensation Order entered in this case have required significant effort to discuss and inform the timekeepers of their responsibilities, and gather the detailed time entries included in the first monthly fee application.

9.      A summary of the hours and fees incurred by category in the Compensation Period is annexed hereto as Exhibit B, and described in detail in the time records annexed hereto as Exhibits C1- C5. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with this chapter 11 case and such records are maintained in the ordinary course of business.

10.      Per the Engagement Letter dated March 10, 2020, KPMG LLP and the Debtors have agreed to an estimated fee range from approximately $274,950 to $279,950 to billed per a payment schedule to be progress billed at $50,000.00 for four months with the final bill to be billed upon delivery of tax returns or

8

November 1, 2020. KPMG received $100,000 pre-petition. KPMG is requesting $100,000.00 reflecting services in this Compensation Period.

11. Per the Engagement Letter dated May 13, 2020, KPMG LLP and the debtors agreed to KPMG's fee for 2020 - 2021 USIT Compliance Services to be $34 per return (to be billed monthly after completion of services). KPMG completed 167 completed returns and is requesting compensation in the amount of $5,678.00.

12. During the Compensation Period, KPMG billed the Debtors for time expended by professionals based on hourly rates ranging from $165 to $744 per hour. Of the aggregate time expended, 0.5 hours were expended by managing directors, 3.4 hours were expended by associate directors and senior managers, 5.3 hours were expended by managers, 26.6 hours were expended by senior associates, and 6.2 hours were expended by associates. KPMG's blended hourly rate for services provided during the Compensation Period is $366.03.

13. In addition to Attachment B, a copy of KPMG's first monthly fee statement filed with the Court is annexed hereto as **Exhibit 1**. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

14. KPMG charges its fees in this case in accordance with the terms set forth in the Retention Application and the corresponding Ridgway Declaration. The fees applied for herein are based on the usual and customary fees KPMG charges for tax consulting and tax compliance clients and are commensurate with the usual and customary rates charged for services performed by comparably skilled practitioners for clients both in and outside title 11. In fact, KPMG's billing rates are consistent with the fee arrangement we negotiated with this client, prior to its bankruptcy filing.

15. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services

9

rendered . . . and reimbursement for actual, necessary expenses." Id. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded. . .the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)   with respect to a professional person whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

16.   The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of these cases. In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' estates, to work efficiently with the other professionals employed in this case, and to leverage staff appropriately in order to minimize duplication of effort.

17.   During the Compensation Period, KPMG provided a focused range of professional services as requested by the Debtors. KPMG respectfully submits that these services: (i) were necessary and beneficial to the successful and prompt administration of these cases; and (ii) have been provided in a cost efficient manner.

18.   Except as provided in section 504(b) of the Bankruptcy Code, KPMG has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity. Except as set forth in the Retention Order, no promises concerning compensation have been made to KPMG by any firm, person or entity.

**Summary of Actual and Necessary Expenses During the Compensation Period**

19. As set forth on Exhibit D and D1 attached to **Exhibit 1**, KPMG is not seeking reimbursement of actual and necessary expenses during the Compensation Period.

**Conclusion**

WHEREFORE, subject to the terms of the Interim Compensation Order, KPMG respectfully requests that the Court enter an order (i) allowing on an interim basis compensation of $99,832.27 for professional services rendered to the Debtors during the Compensation Period, and reimbursement for actual and necessary expenses incurred in connection with the rendition of such services in the aggregate of $0.00; (ii) authorizing and directing the Debtors to pay the fees awarded; and (iii) granting KPMG such other and further relief as the Court may deem just and proper.

Dated: November 16, 2020

Respectfully submitted,

*/s/Kristin Ridgway*
Kristin Ridgway
Managing Director
KPMG LLP
550 South Hope St., Suite 1500
Los Angeles, CA  90071