## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LBD Winddown, LLC (f/k/a Lucky Brand Dungarees, LLC), *et al.* | Case No. 20-11768 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hrg. Date: Jan. 14, 2021 at 10:00 a.m. (ET)** |
| | **Obj. Deadline: Jan 5, 2021 at 4:00 p.m. (ET)** |

## <u>NOTICE OF MOTION</u>

TO:   (I) THE U.S. TRUSTEE; AND (II) ALL PARTIES WHO HAVE REQUESTED NOTICE IN THESE CHAPTER 11 CASES PURSUANT TO LOCAL RULE 2002-1.

**PLEASE TAKE NOTICE** that Berkeley Research Group, LLC, as plan administrator (the "**Plan Administrator**") in the chapter 11 cases of the above-captioned debtors, filed the attached *Plan Administrator's Motion for Entry of a Final Decree Closing Certain of the Debtors' Chapter 11 Cases and Amending Caption of the Remaining Case* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that any responses (each, a "**Response**") to the Motion must be filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **January 5, 2021 at 4:00 p.m. (ET)**.  At the same time, you must serve a copy of your Response upon the undersigned counsel to the Plan Administrator.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER THE MOTION WILL BE HELD TELEPHONICALLY ON **JANUARY 14, 2021 AT 10:00 a.m. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.**

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: LBD Winddown, LLC (f/k/a Lucky Brand Dungarees, LLC) (3823); LBD Parent Holdings, LLC (4563); LBD Stores Winddown, LLC (f/k/a Lucky Brand Dungarees Stores, LLC) (7295); LBD PR Winddown, LLC (f/k/a Lucky PR, LLC) (9578); and LBD Intermediate Holdings, LLC (7702).  The Debtors' address is PO Box 10430, Torrance, California 90505-1430.

Error!

Dated: December 22, 2020          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
      Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email:    mnestor@ycst.com
        kcoyle@ycst.com
        amagaziner@ycst.com
        jmulvihill@ycst.com
        bfeldman@ycst.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864
Email:    george.davis@lw.com
        jon.weichselbaum@lw.com
        brian.rosen@lw.com

- and -

Ted A. Dillman (admitted *pro hac vice*)
Chris Craige (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile:  (213) 891-8763
Email:    ted.dillman@lw.com
        chris.craige@lw.com

*Counsel for Debtors and Debtors in Possession*

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LBD Winddown, LLC | ) Case No. 20-11768 (CSS) |
| (f/k/a Lucky Brand Dungarees, LLC), *et al.* | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) **Hrg. Date: Jan. 14, 2021 at 10:00 a.m. (ET)** |
| | ) **Obj. Deadline: Jan 5, 2021 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF A FINAL DECREE CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND AMENDING CAPTION OF THE REMAINING CASE**

Berkeley Research Group, LLC, as plan administrator (the "**Plan Administrator**") in the chapter 11 cases of the above-captioned debtors (collectively, the "**Debtors**"), hereby submits this motion (this "**Motion**") for entry of a final decree and order by the United States Bankruptcy Court for the District of Delaware (the "**Court**"), substantially in the form attached hereto as **Exhibit A** (the "**Proposed Final Decree**"), (i) closing the chapter 11 cases of Debtors LBD Winddown, LLC (Case No. 20-11768), LBD Parent Holdings, LLC (Case No. 20-11769), LBD Stores Winddown, LLC (f/k/a Lucky Brand Dungarees Stores, LLC) (Case No. 20-11771), and LBD PR Winddown, LLC (f/k/a Lucky PR, LLC) (Case No. 20-11772) (collectively, the "**Closing Cases**"), (ii) waiving the requirement of further post-confirmation reporting for the Debtors in the Closing Cases (collectively, the "**Closing Debtors**"); and (c) amending the caption of the remaining chapter 11 case of Debtor LBD Intermediate Holdings, LLC (Case No. 20-11770) (the "**Remaining Case**")

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: LBD Winddown, LLC (f/k/a Lucky Brand Dungarees, LLC) (3823); LBD Parent Holdings, LLC (4563); LBD Stores Winddown, LLC (f/k/a Lucky Brand Dungarees Stores, LLC) (7295); LBD PR Winddown, LLC (f/k/a Lucky PR, LLC) (9578); and LBD Intermediate Holdings, LLC (7702).  The Debtors' address is PO Box 10430, Torrance, California 90505-1430.

to reflect the closure of the Closing Cases.  In support of this Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XI of the Plan (as defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2.      Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3.      On July 3, 2020 (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 76].  From the Petition Date through the effective date of the Plan, the Debtors managed and operated their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

2

4.      On July 17, 2020, an official committee of unsecured creditors (the "**Committee**") was appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Mark A. Renzi, Chief Restructuring Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Relief* [Docket No. 2].

## SALE

6.      On August 12, 2020, the Court entered the *Order (A) Approving the Purchase Agreement; (B) Approving the Sale to the Buyer of the Acquired Assets of the Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granting Other Relief* [Docket No. 349] (the "**Sale Order**").

7.      The Sale Order approved the sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "**Sale**") to SPARC Group LLC (the "**Buyer**") under the Asset Purchase Agreement dated July 3, 2020 (the "**Purchase Agreement**").

8.      On August 14, 2020, the closing of the Sale occurred.  *See Notice of Closing of Transactions and Assumption and Assignment of Certain Executory Contracts* [Docket No. 353].

## PLAN

9.      On November 17, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Liquidation for Lucky Brand*

3

*Dungarees, LLC and Its Affiliate Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 572] (the "**Confirmation Order**"), whereby the *Second Amended Joint Plan of Liquidation for Lucky Brand Dungarees, LLC and Its Affiliate Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 540] (including all exhibits and supplements thereto, and as modified or amended from time to time, the "**Plan**") was confirmed.[2]  On December 1, 2020, the effective date of the Plan occurred.

10.     The Plan provides for all assets that remain property of the Debtors' estates, including any remaining Net Sale Proceeds, to vest in the Debtors' estates for purposes of liquidating the Debtors' estates (the "**Plan Administration Assets**").  The Plan Administration Assets are subject to the authority of the Plan Administrator, which was designated pursuant to the Plan Administration Agreement.  Pursuant to the Plan, the Plan Administrator is authorized and empowered as of the Effective Date (i) to direct and control the liquidation of the Debtors' remaining assets and (ii) to dissolve any Debtor Affiliate and complete the winding up of the Debtor Affiliates without the need (a) for any company action or approval or (b) to pay any taxes or fees to cause such dissolution.  Each of the Closing Debtors is a Debtor Affiliate.  The Plan Administrator is also required to file quarterly reports with the Court and to pay all fees due and payable pursuant to section 1930 of the Judicial Code to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  Plan Art. II.A.3.

11.     By this Motion, the Plan Administrator requests entry of the Proposed Final Decree: (a) closing the Closing Cases; (b) waiving the requirement of further post-confirmation reporting for the Closing Debtors; and (c) amending the caption of the Remaining Case to reflect the closure

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

of the Closing Cases.  The Plan Administrator proposes that the caption for the Remaining Case

provide as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LBD Intermediate Holdings, LLC, | ) Case No. 20-11770 (CSS) |
| | ) |
| Debtor.[1] | ) |
| | ) |
| | ) |

---

[1]    The Debtor, along with the last four digits of its United States federal tax identification number, is LBD Intermediate Holdings, LLC (7702).  The Debtor's address is PO Box 10430, Torrance, California 90505-1430. The chapter 11 cases of certain affiliates of the Debtor have been closed.  *See* Docket No. [___].

## BASIS FOR RELIEF

12.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy

Rule 3022, which implements section 350 of the Bankruptcy Code, provides that "[a]fter an estate

is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion

of a party in interest, shall enter a final decree closing the case."  Finally, Local Rule 3022-1(a)

provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any

time after the confirmed plan has been fully administered provided that all required fees due under

28 U.S.C. § 1930 have been paid."

13.    The Advisory Committee Notes to Bankruptcy Rule 3022 (the "**Advisory**

**Committee Notes**") set forth the following non-exclusive factors to be considered in determining

whether a case has been fully administered:

a.    whether the order confirming the plan has become final;

5

b.      whether deposits required by the plan have been distributed;

c.      whether the property proposed by the plan to be transferred has been transferred;

d.      whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

e.      whether payments under the plan have commenced; and

f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

14.     Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (noting that bankruptcy courts have flexibility in deciding whether an estate is fully administered and may consider the factors set forth in Rule 3022 as well as other relevant factors).

15.     The Closing Cases are substantially consummated.  These factors have been satisfied or are inapplicable.  Specifically, (a) the Confirmation Order was not appealed and has become final; (b) any property proposed by the Plan to be transferred was transferred on the Effective Date; (c) the Plan Administrator has assumed management of and authority over the Plan Administration Assets; (d) to the extent there are remaining payments to be made under the Plan, such payments will be made by the Plan Administrator, who is authorized to conduct the claims reconciliation process; and (e) because of the Plan Administrator's authority to administer all remaining matters pursuant to the terms of the Plan, there is no need to resolve any further matters in the Closing Cases.

US-DOCS\119649102.6

16.    In addition, all expenses arising from the administration of the Closing Cases, including court fees, U.S. Trustee fees, professional fees, and expenses, have been paid or will be paid in the amounts due as soon as reasonably practicable after they become due or are allowed, as applicable, and after the closure of the Closing Cases.  The Plan Administrator will complete all remaining quarterly reports within 30 days of closure of the Closing Cases.

17.    Closing the Closing Cases will not prejudice any parties' rights, as such rights may be exercised in the Remaining Case.  The cases this Motion seeks to close are simply unnecessary to the continued administration of the Debtors' estates and related matters.  The closure of the Closing Cases will allow the Debtors to avoid unnecessarily incurring additional fees to the U.S. Trustee on account of the Closing Cases.  *See, e.g.*, 28 U.S.C. § 1930(a)(6) (requiring the payment of quarterly fees to the trustee).

18.    Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c).  The administration of assets and liabilities will occur in the Remaining Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Remaining Case.  Consequently, filing a final report for each of the Closing Cases at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

19.    Accordingly, the Plan Administrator submits that there is ample justification for entry of a final decree closing the Closing Cases, and requests that the Court enter the Proposed Final Decree.

**NOTICE**

20.    The Plan Administrator has provided notice of this Motion to: (a) the U.S. Trustee; and (b) all parties who have filed a renewed request for notice in the Chapter 11 Cases pursuant to

7

Local Rule 2002-1 following occurrence of the Effective Date.  In light of the nature of the relief

requested herein, the Plan Administrator submits that no other or further notice is necessary.

21.    A copy of this Motion is available on the website maintained by the Debtors' claims

and       noticing       agent,       Epiq       Corporate       Restructuring,       LLC,       at

https://dm.epiq11.com/LBDWindDown.

*[Remainder of Page Intentionally Left Blank]*

8

WHEREFORE, the Plan Administrator requests entry of a final decree, substantially in the form attached hereto as Exhibit A: (a) closing the Closing Cases; (b) waiving the requirement of further post-confirmation reporting for the Closing Debtors; and (c) amending the caption of the Remaining Case to reflect the closure of the Closing Cases.

Dated:  December 22, 2020          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
       Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 571-1253
Email:     mnestor@ycst.com
        kcoyle@ycst.com
        amagaziner@ycst.com
        jmulvihill@ycst.com
        bfeldman@ycst.com

- and -

**LATHAM & WATKINS LLP**
George A. Davis (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864
Email:     george.davis@lw.com
        jon.weichselbaum@lw.com
        brian.rosen@lw.com

- and -

9

Ted A. Dillman (admitted *pro hac vice*)
Chris Craige (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile:  (213) 891-8763
Email:       ted.dillman@lw.com
                 chris.craige@lw.com

*Counsel for Debtors and Debtors in Possession*

10

**<u>EXHIBIT A</u>**

**Proposed Form of Final Decree**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LBD WINDDOWN, LLC (F/K/A LUCKY BRAND DUNGAREES, LLC), | Case No. 20-11768 (CSS) |
| | Tax I.D. No. 95-4363823 |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| LBD PARENT HOLDINGS, LLC, | Case No. 20-11769 (CSS) |
| Debtor. | Tax I.D. No. 46-4354563 |

| | |
|---|---|
| In re: | Chapter 11 |
| LBD STORES WINDDOWN, LLC (F/K/A LUCKY BRAND DUNGAREES STORES, LLC), | Case No. 20-11771 (CSS) |
| | Tax I.D. No. 22-3687295 |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| LBD PR WINDDOWN, LLC (F/K/A LUCKY PR, LLC), | Case No. 20-11772 (CSS) |
| | Tax I.D. No. 80-0969578 |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| LBD INTERMEDIATE HOLDINGS, LLC, | Case No. 20-11770 (CSS) |
| Debtor. | Tax I.D. No. 46-4377702 |

## FINAL DECREE CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND AMENDING CAPTION OF THE REMAINING CASE

Upon consideration of the *Plan Administrator's Motion for Entry of a Final Decree Closing Certain of the Debtors' Chapter 11 Cases and Amending Caption of the Remaining Case* (the "**Motion**")[1] of Berkeley Research Group, LLC, as plan administrator of the debtors (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of a final decree and order (this "**Final Decree**"), pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (a) closing the Closing Cases; (b) waiving the requirement of further post-confirmation reporting for the Closing Debtors; and (c) amending the caption of the Remaining Case to reflect the closure of the Closing Cases; and this Court having reviewed the Motion; and this Court finding good and sufficient cause for granting the relief as provided herein; and after proper notice and opportunity to respond to the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012,

#### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.      Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Cases of the following Debtors are hereby dismissed:

| *Debtor* | *Case Number* |
|---|---|
| LBD Winndown, LLC | 20-11768 |
| LBD Parent Holdings, LLC | 20-11769 |
| LBD Stores Winndown, LLC (f/k/a Lucky Brand Dungarees Stores, LLC) | 20-11771 |

---

[1]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

| LBD PR Winddown, LLC (f/k/a Lucky PR, LLC) | 20-11772 |
|---|---|

4.      Proper and adequate notice of the Motion was given, and no other or further notice is necessary.

5.      Entry of this Final Decree is without prejudice to the rights of the Debtors, the Plan Administrator, the U.S. Trustee, or any other party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

6.      The Closing Cases are hereby removed from the joint administration order [Docket No. 76].  The Remaining Case (Case No. 20-11768) shall remain OPEN pending further order of this Court and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LBD Intermediate Holdings, LLC, | ) Case No. 20-11770 (CSS) |
| | ) |
| Debtor.[1] | ) |
| | ) |
| | ) |

---

[1]    The Debtor, along with the last four digits of its United States federal tax identification number, is LBD Intermediate Holdings, LLC (7702).  The Debtor's address is PO Box 10430, Torrance, California 90505-1430.  The chapter 11 cases of certain affiliates of the Debtor have been closed.  *See* Docket No. [___].

7.      The Plan Administrator shall complete any remaining quarterly reports with respect to the Closing Cases and pay all U.S. Trustee fees within thirty (30) days of the due date of such reports.

8.      The Plan Administrator shall not be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closing Cases for any period after the date of the entry of this Order.

3

9.      The final report for the Debtors in the Closing Cases required under Local Rule 3022-1(c) shall be included as part of a consolidated final report for all the Debtors and filed in connection with the closure of the Remaining Case.

10.     The Clerk of the Court shall enter this Final Decree on the docket of the Closing Cases, and thereafter each such docket shall be marked as "Closed."

11.     All motions, contested matters, and adversary proceedings that remain open as of the date hereof, or that are opened in the future, with respect to the Debtors in the Closing Cases will be administered under the Remaining Case.

12.     The Plan Administrator and Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent, are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

13.     To the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters or disputes related to the Closing Cases, including, without limitation, any matters or disputes relating to the effect of provisions contained in the Plan and/or the Confirmation Order. and any other order of this Court entered in the Chapter 11 Cases of the Closing Debtors.

US-DOCS\119649102.6